# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

_____

| | | |
|---|---|---|
| Garnett Moore, #256818 | ) | |
| | ) | **C/A No. 4:08-3069-MBS-TER** |
| Petitioner, | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Warden, Perry Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Garnett Moore, ("Petitioner/Moore) is an inmate in the custody of the South

Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on September 9, 2008. Respondent filed a

motion for summary judgment on January 9, 2009, along with a return and supporting memorandum.

Respondent further filed a supplemental return and memorandum on January 14, 2009.[2]  An order

was filed on January 12, 2009, pursuant to  Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975),

advising Petitioner of the motion for summary judgment procedure and the possible consequences

if he failed to file a response. Petitioner filed a response on January 22, 2009.

Petitioner filed a document entitled "motion for summary judgment" on December 4, 2008.

_____

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

[2] Respondent advised in the original return that Respondent had requested a copy of the *pro se* response submitted to the South Carolina Court of Appeals but had not received it and would move to supplement the return if the response became available. Thus, Respondent filed a motion to supplement the return with a copy of the *pro se* response that Respondent  had received. This motion was granted.

Within this document petitioner states that "[i]t is impossible for me to go forward without a lawyer. My case is to hard. Awarding me Judgment for lawyer will be the best thing for me cause the lawyer see I was never given a Direct Appeal after trial, no signing of court papers, no lawyer to over see this matter. I got to have a summary judgment award to me to properly handle this matter." (Doc. #14). This document is not a proper motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Therefore, it is recommended that this "motion for summary judgment" be denied.

### I.  PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been seriously disputed by the Petitioner. Therefore, the undersigned will set out the procedural history as set forth by the Respondent.

Petitioner is currently incarcerated in Perry Correctional Institution pursuant to an order of commitment from the Clerk of Court of McCormick County. Petitioner was indicted at an April 1998 term of the McCormick County Grand Jury for distribution of crack cocaine (98-GS-35-178), and, at a November 1998 term, for armed robbery (98-GS-35-533). O. Lee Sturkey, Esq., represented Petitioner on the charges. On March 8, 1999, the State called the armed robbery charge for trial. Petitioner moved to have Mr. Sturkey relieved of appointment, which was granted, and also moved to be removed from the courtroom, which was also granted. (PCR App. pp. 5-27; pp. 94-95; p. 101).

A jury trial was then held before the Honorable Thomas L. Hughston, Jr. The jury convicted as charged. (PCR App. p. 94). The judge sentenced Petitioner to fifteen (15) years imprisonment. (PCR App. p. 102). After being sentenced for his armed robbery conviction, and after negotiations

with the State, Petitioner entered a guilty plea to the distribution charge. Mr. Sturkey represented Petitioner during the plea proceedings. (PCR App. p. 102). The judge imposed another fifteen (15) year sentence, concurrent to the armed robbery sentence, in accord with the negotiated terms. Moreover, the State agreed to *nolle prosse* eight additional indictments. (PCR App. pp. 104-105; pp. 108-109). (See also PCR App. pp. 161-164). Petitioner did not appeal.

Petitioner filed an application for post-conviction relief ("PCR") on October 8, 1999, and made the following claims of error:

(1)    Was counsel ineffective for allowing Petitioner to proceed to trial in the crack cocaine charge, without any advice on how to proceed before the court. (Yes)

(2)    Was Petitioner entitled to assistance of counsel during all criminal proceedings? (Yes)

(3)    Was Petitioner plea induced by threats and corecision [sic] by the prosecution? (Yes)

(4)    Did court err in pronouncing verdict of guilty without the Petitioner or his attorney present in court?

(5)    Did court err by sentencing Petitioner in has absence (Yes)

(PCR App. p. 115).

The State made its return on November 12, 1999. (PCR App. pp. 133-137). Lori D. Hall represented Petitioner in the action. An evidentiary hearing was held April 19, 2001, before the Honorable J.C. Nicholson, Jr. The PCR judge granted a directed verdict in favor of the State on all issues regarding trial court error, finding such allegations of error were not cognizable in PCR. (PCR App. pp. 159-160). At the conclusion of the hearing, he denied relief on all remaining issues. (PCR App. p. 170). On October 11, 2001, the PCR judge issued a written order of dismissal, that was filed on October 25, 2001. (PCR App. pp. 172-176). Petitioner attempted to appeal; however, the appeal was not

perfected.

On July 9, 2003, Petitioner filed a second PCR action alleging the following:

(a) Ineffective assistance of counsel;

(b) Involuntary plea;

(c) Due Process of the 5th and 14th Amendment and 6th.

(PCR App. p. 179).

Petitioner also submitted a memorandum of law that defined the issues as follows:

(1)    Was counsel ineffective for allowing Petitioner to proceed to trial in the crack cocaine charge, without any advice on how to proceed before the court. (Yes)

(2)    Was Petitioner entitled to assistance of counsel during all criminal proceeding (Yes)

(3)    Was Petitioner plea induced by threats and corecision by the prosecution (Yes)

(4)    Did court err in pronouncing verdict of guilty without the Petitioner or his attorney present in the court??? Direct appeal Issue

(5)    Did Court err by sentencing Petitioner in his absence (Yes) wrong & direct appeal issue

(6)    Did court advise Petitioner on direct appeal. (no)

(PCR App. p. 185).

On March 31, 2004, the State made its return and moved to dismiss the application as successive and untimely. (PCR App. pp. 202-206). John E. Sward, Esq., represented Petitioner in the action. A hearing on the State's motion was held June 30, 2005, before the Honorable James W. Johnson, Jr. The judge granted the State's motion as to all grounds except the request for a belated

appeal from the first PCR action. The State conceded Petitioner was entitled to relief, and the judge granted belated review. (PCR App. pp. 211, 213 and 222). Judge Johnson issued a written order on August 1, 2005. (Tr. 226-231). Petitioner thereafter made a motion to alter or amend or reconsider, served September 3, 2005, which was denied on September 26, 2005. (PCR App. pp. 232-254). Petitioner appealed.

Robert M. Pachak, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented Petitioner on appeal. On April 12, 2006, appellate counsel filed a Petition for Writ of Certiorari in the Supreme Court of South Carolina seeking belated review of his PCR appeal. Counsel also submitted a <u>Johnson</u>[3] Petition for Writ of Certiorari in appeal of the first PCR action, and raised the following issue:

> Whether Petitioner's guilty plea complied with the mandates set forth
>
> in <u>Boykin v. Alabama</u>?

(<u>Johnson</u> Petition, p. 2).

By letter dated April 13, 2006, the Clerk of the Supreme Court of South Carolina informed Petitioner of his right to file a *pro se* response, and Petitioner thereafter filed a response. On May 15, 2006, the State filed a letter response *in lieu* of return. The Supreme Court of South Carolina thereafter transferred the case to the South Carolina Court of Appeals. On September 21, 2007, the South Carolina Court Of Appeals granted the petition for writ of certiorari from Judge Johnson's order granting belated review, but denied the <u>Johnson</u> petition. On October 10, 2007, the Court of Appeals issued the remittitur.

Petitioner filed a third PCR application on September 13, 2006, alleging ineffective

---

[3] <u>Johnson v. State</u>, 294 S.C. 310, 364 S.E.2d 201 (1988).

assistance of counsel and court, and involuntary plea. (2006 PCR Application, p. 2). On April 24, 2007, the State made its return and moved to dismiss the application as successive and untimely. On October 18, 2007, the Honorable James W. Johnson, Jr., dismissed the action as successive and untimely.

Petitioner filed a fourth PCR application on March 20, 2007, also alleging ineffective assistance of counsel and courts, and involuntary plea. (2007 PCR Application, p. 2). That application was treated as an amendment to the third application, and was denied and dismissed in the October 18, 2007, order referenced above.

Petitioner filed a fifth PCR application on April 14, 2008, alleging constitutional right violation, 6, 5, 14, involuntary plea, and courtroom misconduct. On September 12, 2008, that action was also dismissed as successive and untimely.

## II.  HABEAS ALLEGATIONS

Petitioner raises the following allegations in his *pro se* Petition for Writ of Habeas Corpus, quoted verbatim:

Ground One:   Due Process:

　　　　　Supporting Facts:　　　I stood trial had a just trial and the judge never advice me of my Direct appeal right, and I never seen or got a direct appeal at all, not on record and I was relieve of my lawyer as well. This is on Record.

Ground Two: Invol Plea

　　　　　Supporting facts:　　　I Didn't have no lawyer at all on taking no plea, with a concurrect Plea of Dis of crack,

6

> with my arm robbery they found me guilty in
> my absence. This is my trial Record I'll not
> waste no Better time on this matter it is real.

(Petition).

## III.  SUMMARY JUDGMENT

On January 9, 2009, the Respondent filed a return and memorandum of law in support of his motion for summary judgment.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972).  In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings.  Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both

7

parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## IV.  STANDARD OF REVIEW

Since Moore filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas

proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." <u>Id</u>. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

## V.  DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent asserts that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA.

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[4] Subsection (d) of the statute

---

[4] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. <u>Duarte v. Hershberger</u>, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

now reads:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the <u>latest</u> of–
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicably to cases on collateral review; or
>>
>> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, Petitioner was sentenced on March 8, 1999, and had ten days to file an appeal, March 18, 1999. Petitioner did not file a direct appeal. Accordingly, the one year time within which to file for federal habeas relief began to run on March 18, 1999. Therefore, Petitioner had until March 19, 2000, to file his habeas action under the AEDPA statute of limitations absent any tolling.

Petitioner filed his first APCR on October 8, 1999. Therefore, two hundred and three days

of time not tolled by the statute had lapsed. Petitioner's APCR was denied by written order of dismissal filed October 25, 2001. (Tr. 172). Petitioner did not perfect an appeal. On July 9, 2003, Petitioner filed a second PCR action which was denied except for the request for a belated appeal from the first PCR action. Petitioner filed a petition for writ of certiorari seeking a belated review of his PCR appeal and a Johnson petition. On September 21, 2007, the South Carolina Court of Appeals denied the petition and the remittitur was issued on October 10, 2007.

Petitioner had one hundred and sixty-two (162) days left in which to timely file his habeas petition from October 10, 2007. Petitioner filed this habeas petition on September 9, 2008, with a Houston v. Lack, supra, delivery date of September 3, 2008.[5] Therefore, this petition is clearly time barred under the provisions of the AEDPA.

Even though Petitioner filed PCR applications in 2007 and 2008, the applications were dismissed as successive and untimely. Therefore, these PCR applications did not toll the limitations period in that they were not "properly filed." Accordingly, Petitioner is time barred in that he did not file his habeas petition within the limitations period.

Petitioner has not presented sufficient evidence to warrant equitable tolling. In the case of Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:
>
> > [A]ny invocation of equity to relieve the strict

---

[5] The Perry Correctional Institution  mailroom stamp. (Doc. #1).

> application of a statute of limitations must be
> guarded and infrequent, lest circumstances of
> individualized hardship supplant the rules of clearly
> drafted statutes.  To apply equity generously would
> loose the rule of law to whims about the adequacy
> of excuses, divergent responses to claims of
> hardship, and subjective notions of fair
> accommodation.  We believe, therefore, that any
> resort to equity must be reserved for those rare
> instances where--due to circumstances external to
> the party's own conduct--it would be
> unconscionable to enforce the limitation period
> against the party and gross injustice would result.

Id. Principles of equitable tolling do not extend to garden variety claims of excusable
neglect.  *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112
L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was
absent from the office when the EEOC notice was received, and petitioner filed
within 30 days of the date he personally received notice).  Equitable tolling "is
appropriate when, but only when, 'extraordinary circumstances beyond [the
petitioner's] control prevented him from complying with the statutory time limit.' "
*Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at
330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is
only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2)
beyond his control or external to his own conduct, (3) that prevented him from filing
on time.

The district court held that although the 1-year AEDPA limitations period is subject
to equitable tolling, a "mistake of counsel does not serve as a ground for equitable
tolling" as a matter of law. (J.A. at 328.)  The court held that the circumstance that
prevented Rouse from filing on time, his former counsel's "slight miscalculation by
relying on Fed.R.Civ.P.  6(e)," was not an extraordinary circumstance beyond
Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.)  The
district court also found that Rouse's health during the limitations period did not
warrant equitable tolling because he was not in "any way incompetent for a
substantial part of the [limitations period]." (J.A. at 331.)

Id. at 246-247.

Applying the law as described, Petitioner has not presented an extraordinary circumstance

beyond Petitioner's control. Likewise, it is well established that a pro se prisoner's ignorance of the

law is not a basis to invoke equitable tolling. <u>United States v. Sosa</u>, 364 F.3d 507, 512 (4th Cir. 2004).[6]

## VI.  CONCLUSION

As set out above, a review of the record indicates that the Petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

RECOMMENDED that Respondent's motion for summary judgment (doc. #22) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

For the reason set forth above, it is further RECOMMENDED that the document filed by petitioner entitled motion for summary judgment (doc. #14) be DENIED.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 2, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[6] As the petition is barred by the statute of limitations, the grounds raised in the petition will not be addressed on the merits.

13