IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| Garnett Moore, ) | Civil Action No. 4:08-3069-MBS |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Warden, Perry Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Garnett Moore ("Petitioner"), a pro se prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. Petitioner is presently confined in the Perry Correctional Institution of the South Carolina Department of Corrections (SCDC).

Petitioner filed this habeas corpus petition on September 9, 2008. On December 4, 2008, Petitioner filed a motion for summary judgment. Respondent Warden, Perry Correctional Institution filed a response on December 22, 2008, and filed a motion for summary judgment on January 9, 2009. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on January 12, 2009, advising Petitioner of the summary judgment procedure and the possible consequences if he failed to respond adequately. On January 22, 2009, Petitioner filed a response in opposition to the motion for summary judgment.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Thomas E. Rogers, III for a Report and Recommendation. The Magistrate Judge filed a Report and Recommendation on April 2, 2009. The Magistrate Judge determined Petitioner's motion for summary judgment (Entry 14) should be denied as an improper

motion for summary judgment.[1] The Magistrate Judge also determined that Respondent's motion for summary judgment should be granted because: (1) Petitioner's habeas petition was not filed within the one year statute of limitations set forth by 28 U.S.C. § 2244(d)(1) of the Antiterrorism and Effective Death Penalty Act of 1996; and (2) Petitioner has not presented sufficient facts to warrant equitable tolling. Petitioner filed objections to the Magistrate Judge's Report on April 13, 2009. Respondent has not responded to Petitioner's objections.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTS

The facts are set forth fully in the Magistrate Judge's Report.[2] Petitioner was indicted by the State in April 1998 for distribution of crack cocaine and in November 1998 for armed robbery. (Entry 23-3, at 70). Petitioner was represented by counsel on the distribution of crack cocaine charge and pleaded guilty on March 8, 1999. *Id.* On that same date, Petitioner proceeded to trial pro se on

---

[1] Petitioner's motion for summary judgment is improper because it fails to state any conceivable grounds for summary judgment.

[2] The Magistrate Judge notes and the record reflects that there is no dispute about the procedural history. (Report and Recommendation, at 2).

2

the armed robbery charge, and was convicted. Petitioner was sentenced to fifteen years incarceration on each offense, to be served concurrently. *Id.* Petitioner did not file a direct appeal. *Id.*

Petitioner filed for post-conviction relief ("PCR") on October 8, 1999. *Id.* at 71. Petitioner's PCR application was dismissed by written order on October 11, 2001. *Id.* at 95. On July 9, 2003, Petitioner filed a second PCR application, which was denied except for a request for a belated appeal from the first PCR action. (Entry 23-5, at 4). On April 12, 2006, Petitioner filed a petition for writ of certiorari seeking a belated review of his PCR appeal. On that date, Petitioner also submitted a *Johnson* petition on April 12, 2006. *Id.* at 6. Petitioner also filed a pro se response. On September 21, 2007, the South Carolina Court of Appeals granted the petition as to belated reveiw, but denied the Johnson petition. The Court of Appeals found Petitioner's direct appeal issue to be without merit. The remittitur was issued on October 10, 2007. (Entry 23-9). Petitioner filed a third PCR application on April 13, 2006. This application was dismissed as successive and untimely on October 18, 2007. Petitioner filed a fourth PCR application on March 20, 2007, which was treated as an amendment to the third application, and was also dismissed on October 18, 2007. Petitioner filed a fifth PCR application on April 14, 2008. On September 12, 2008, that application was also dismissed as successive and untimely.

II. SUMMARY JUDGMENT STANDARD

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction

does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a moving party has shown "[that] the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The moving party bears the burden of proving that there are no facts from which a jury could draw inferences favorable to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the moving party makes this showing, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Id.* Summary judgment should only be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Trustees of Mayland Cmty. College*, 955 F.2d 924, 928 (4th Cir. 1992).

III. DISCUSSION

Petitioner was sentenced on March 8, 1999. The Magistrate Judge correctly stated that Petitioner had ten days to file an appeal, and thus the one year statute of limitations to file for federal habeas began to run on March 18, 1999. Petitioner did not file a direct appeal and his first PCR application was filed on October 8, 1999, two hundred and three days (203 days) after the time for

4

direct appeal expired. Petitioner's PCR application was denied on October 25, 2001, and no appeal was perfected. The request for belated review contained in Petitioner's second PCR application was denied on September 21, 2007; and the remittitur was issued on October 10, 2007. Petitioner's other three PCR applications did not toll the statute of limitations because they were not properly filed. Therefore, from the date the rimittitur was issued, Petitioner had one hundred and sixty-two days remaining to file for federal habeas review. Petitioner filed this habeas petition on September 9, 2008, but the delivery date is considered to be September 3, 2008. This date is approximately three hundred twenty-eight (328) days after the remittitur was issued. Hence, the Magistrate Judge correctly concluded that Petitioner's habeas petition is time barred under the AEDPA.

Petitioner has offered no particular factual objections to the Magistrate Judge's conclusion that his habeas petition be dismissed on all grounds. Rather, Petitioner has responded to the Magistrate Judge's analysis by essentially reasserting the merits of his claim. The court is not obligated to conduct a *de novo* review of the Magistrate Judge's Report "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Nevertheless, the court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge.

## IV. CONCLUSION

The court adopts the Magistrate Judge's Report and Recommendation. Petitioner's motion for summary judgment (Entry 14) is **denied**. Respondent's motion for summary judgment (Entry 22) is **granted**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

August 12, 2009

Columbia, South Carolina

## NOTICE OF RIGHT TO APPEAL

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**